**ROSENTHAL–NETTER, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

No. 88–1294.

United States Court of Appeals,
Federal Circuit.

Nov. 10, 1988.

Murray Sklaroff, Valley Stream, N.Y., argued, for plaintiff-appellant.

Mark S. Sochaczewsky, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before MARKEY, Chief Judge, and RICH and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this international trade case, the United States Court of International Trade upheld the United States Customs Service's (Customs) appraisement of imported rattanware and granted judgment on the merits against Rosenthal–Netter, Inc. (Rosenthal–Netter). Rosenthal–Netter had sought a determination that its intermediary, Hongson Arts Company (Hongson), was a bona fide buying agent of Rosenthal–Netter. We affirm.

### Issue

The sole issue on appeal is whether the Court of International Trade erred, as a matter of law, in determining that no bona fide agency relationship existed between Rosenthal–Netter and Hongson.

### Background

Rosenthal–Netter, on January 23, 1984, instituted an action in the Court of International Trade against the United States (Government) challenging Customs' appraisement of three entries of rattanware it had imported into the United States. Rosenthal–Netter claimed the charges designated "buying commission" and "handling charges," which charged Customs included

in computing the appraised value,[1] are bona fide buying commissions properly excludable from the dutiable value of the imported rattanware. Customs included the charges because it determined that Hongson, the entity to whom Rosenthal–Netter paid the charges, is not a bona fide agent of Rosenthal–Netter but, rather, is a seller of the subject merchandise.

The Court of International Trade dismissed the action against the Government and sustained Customs' appraisement of the imported rattanware, holding that no bona fide agency relationship existed between Rosenthal–Netter and Hongson.[2] In determining that Hongson was not a bona fide agent of Rosenthal–Netter, the Court of International Trade considered the amount of control Rosenthal–Netter exerted over Hongson, the pricing structure employed, the risk of loss allocation, the transaction documents, and the degree of discre-tion Rosenthal–Netter allowed Hongson to exercise.

### Opinion

We have considered the record and the arguments presented to us on appeal. Rosenthal–Netter has given us no grounds to disturb the decision of the Court of International Trade. Accordingly, we adopt as our own the holdings and reasoning set forth in Judge Tsoucalas' opinion, dated January 28, 1988.[3] On that basis, the Court of International Trade's decision is affirmed.

AFFIRMED.

1. Two valuation statutes are involved because of different exportation times. 19 U.S.C. § 1401a(b) (1976); 19 U.S.C. § 1401a(b)(1) (1982).

2. *Rosenthal–Netter, Inc. v. United States,* 679 F.Supp. 21 (Ct. Int'l Trade 1988).

3. *Id.*